UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-475-H

HAYWARD DAY                                                           PLAINTIFF

V.

SEDGWICK CLAIMS MANAGEMENT SERVICES              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Hayward Day, brings this action against Sedgwick Claims Management Services ("Sedgwick") alleging that Sedgwick wrongfully denied him long-term disability (LTD) wage replacement benefits under a plan offered by Plaintiff's former employer CINTAS and covered by ERISA, 29 U.S.C. §1132(e).

Sedgwick has moved to dismiss on two grounds: (1) Sedgwick is not the proper defendant (rather, Prudential is the plan administrator for LTD payments under the applicable plan), and (2) the complaint is not facially viable (instead of Sedgwick, the complaint avers "the Plan was administered by Lincoln and at all relevant times Lincoln remained the so called 'plan administrator.'" DN 1, ¶ 7). Throughout the complaint, Plaintiff alleges that Lincoln denied the LTD benefits, Lincoln conducted the medical review improperly, and that "Lincoln's conclusions that Plaintiff is not totally disabled was arbitrary and capricious." DN 1, ¶¶9-10, 12-14, 17.

In turn, Plaintiff filed a response and moved to amend his complaint. The response demonstrates a lack of comprehension of the basis for Defendant's 12(b)(6) motion:

> "According to Defendant Sedgwick…it has no financial stake in the Plaintiff's claim as it is merely the arbiter of the disability decision and not the party which

> ultimately pays claims, it is rather Plaintiff's employer Cintas that must be the proper party. In essence, Sedgwick is merely 'hired' by Cintas to review claims files and render decisions on plan eligibility…."

DN 11, 1-2. The proposed amended complaint replaces "Lincoln" with "Sedgwick" throughout and limits Plaintiff's claim to relief to a re-review of his claim.

Contrary to Plaintiff's belief, he cannot obtain the relief he seeks against Sedgwick.[1] Sedgwick has shown that it has no role whatsoever in the CINTAS LTD plan.[2] It has clarified that it is merely the claims administrator for CINTAS' short term disability payments. DN 14, at 1. According to the Summary Plan Document for CINTAS LTD benefits ("SPD"), Prudential handles all aspects of a claim for LTD benefits for CINTAS, including determining whether a claimant is disabled pursuant to the terms of the plan, approving or denying LTD benefits, and paying LTD benefits. DN 9-2, Exhibit A. All of this is undisputed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claims against Sedgwick are DISMISSED WITH PREJUDICE, while any potential claims as to other defendants are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to amend the complaint is DENIED as futile under the circumstances.

---

[1] Plaintiff declares "[W]hat the Plaintiff seeks in the case can [] only be afforded by Defendant Sedgwick—i.e. a full and fair review that does not ignore the substantial evidence." DN 11, at 2.

[2] The Court does not convert Defendant's motion to dismiss into a motion for summary judgment by considering the terms of the CINTAS LTD Summary Plan Document that Defendant attached to its motion to dismiss. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner v. Klais & Co., Inc. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Plaintiff's claims are based on ERISA plan documents and are incorporated by reference in his complaint. DN 1-1, ¶¶ 3, 6, 7, etc.

cc: Counsel of Record